### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NOR T. THOMAS, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 23-134-RAW-GLJ |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
| Defendants. | ) ) |

### OPINION AND ORDER

Plaintiff is a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma (MACC). He brings this action under the authority of 42 U.S.C. § 1983, seeking monetary relief for alleged constitutional violations occurring during his incarceration. The defendants are the DOC; Mark Knutson, Director of the DOC Administrative Review Authority; David Louthan, MACC Warden; and LaDana Hamilton, MACC Classification officer.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Defendant Oklahoma Department of Corrections**

Plaintiff has named the Oklahoma Department of Corrections as a defendant. This agency, however, is entitled to dismissal under the Eleventh Amendment. The Eleventh Amendment bars suits in federal court against a state, regardless of the relief sought. When a state agency is named as a defendant, the Eleventh Amendment continues to bar the action "if the state is the real, substantial party in interest." Oklahoma has not consented to be sued in federal court, *see* Okla. Stat. tit. 51, § 152.1, and § 1983 does not abrogate states' sovereign immunity, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims are dismissed "without prejudice"

2

rather than "with prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan County, Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011). Therefore, the Oklahoma Department of Corrections is DISMISSED WITHOUT PREJUDICE from this action.

**Claim 1**

Plaintiff alleges in Claim 1 of the complaint that on January 19, 2005, he received a 20-year sentence in Washington County Case No. CF-2004-513 to run consecutively to his sentence in Tulsa County Case No. CF-1996-2351. He claims the DOC had him serve the sentences concurrently from February 17, 2005, until May 2, 2008. His parole revocation in CF-1996-2351 allegedly was completed on May 2, 2008, while he continued to serve CF-2004-513 until October 20, 2021. Plaintiff claims he then was re-billed to serve CF-1996-2351's parole revocation a second time, in violation of the prohibition against double jeopardy. (Dkt. 1 at 5-6).

While Plaintiff's claim is confusing, he appears to be challenging the execution of his sentence. (Dkt. 1 at 5-7). Such claims cannot be adjudicated in a civil rights lawsuit under 42 U.S.C. § 1983. Instead, they must be raised in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. A § 2241 petition attacks the execution of a sentence and must be filed in the district where the petitioner is confined. *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Further, [t]o the extent Plaintiff seeks compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Because Claim 1 is not appropriate for this civil rights action, it is DISMISSED WITHOUT PREJUDICE.

**Claim 2**

In Claim 2, Plaintiff alleges that on June 10, 2021, and March 14, 2023, Defendant Mark Knutson maliciously disregarded two grievances, MACC 21-03 and MACC 23-05, in violation of the "14th Amendment under the protection of Due Process." Knutson allegedly forwarded the grievances to Warden Louthan for further review and investigation. Plaintiff states that "[n]o person shall be made to suffer unus [sic] of criminal conviction reasonable doubt of existence of element of offense. Refusing the authority exercising his discretion." (Dkt. 1 at 5).

Plaintiff has failed to allege how his due process rights were violated. He must show that the defendant personally participated in an alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). Therefore, Claim 2 is DISMISSED WITH PREJUDICE for failure to state a claim under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

**Claim 3**

Plaintiff alleges in Claim 3 that on April 6, 2021; June 10, 2021; and March 21, 2023, Defendant David Louthan "maliciously denied both grievance, and disregard to investigate both Grievance MACC 21-03 and Grievance MACC 23-05, after receiving from Mr. Knutson." (Dkt. 1 at 8). Plaintiff complains he was deprived of earned credits and a discharge of Case No. CF-1996-2351, which is a claim concerning the execution of his sentence. Because the denial of a grievance does not state a claim under § 1983, the Court construes this claim as another challenge to the execution of his sentence with respect to earned credits and the alleged discharge of Case No. CF-1996-2351. This claim, therefore, must be raised in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 instead of this civil rights lawsuit. *See Heck*, 512 U.S. at 486-87. Therefore, Claim 3 regarding Plaintiff's earned credits and the alleged discharge of Case No. CF-1996-2351 is DISMISSED WITHOUT PREJUDICE.

**Claim 4**

In Claim 4, Plaintiff alleges that Defendant LaDana Hamilton failed to credit his time served on October 20, 2021, after he discharged another case. Hamilton allegedly disregarded the time sheets showing he completely served CF-1996-2351. (Dkt. 1 at 8). Again, this claim concerning the execution of Plaintiff's sentence is not proper for a civil rights action, but may be raised in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Heck*, 512 U.S. at 486-87. Claim 4 is DISMISSED WITHOUT PREJUDICE.

**Medical Claim**

While not mentioned in the body of the complaint, Plaintiff asserts in the "Relief Requested" section that he is seeking monetary damages "for discomfort and lost of eye sight, literally blind in left eye, due to Glocuma [sic] and not receiving adequate medical treatment since 2020 . . ." (Dkt. 1 at 9). Plaintiff, however, does not allege that a particular individual is liable for his injury.

If Plaintiff wants to pursue this medical claim in this civil rights lawsuit, he must complete and return an amended complaint raising this issue within twenty-one (21) days. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a). Plaintiff also is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process).

The amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and that Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The Court Clerk is

directed to send Plaintiff a form for filing an amended civil rights complaint, so he can properly raise the medical claim.

An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). The amended complaint must include all claims and supporting material to be considered by the Court. *See* Local Civil Rule 9.2(c). It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. *Id*. It may not include defendants or claims that are dismissed by this Order. Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, only one side of the paper may be used, and additional sheets of paper shall have margins of no less than one (1) inch on the top, bottom, and sides. The Court Clerk is directed to send Plaintiff a form for filing an amended complaint. Failure to file an amended complaint as directed will result in dismissal of this action without prejudice and without further notice.

**ACCORDINGLY,**

1. The Oklahoma Department of Corrections is DISMISSED WITHOUT PREJUDICE from this action.
2. Claims 1, 3, and 4 of the complaint are DISMISSED WITHOUT PREJUDICE.
3. Claim 2 of the complaint is DISMISSED WITH PREJUDICE.
4. Plaintiff is granted twenty-one (21) days to file an amended civil rights complaint pursuant to 42 U.S.C. § 1983 concerning his eye problem.
5. The Court Clerk is directed to send Plaintiff a form for filing an amended civil rights complaint pursuant to 42 U.S.C. § 1983.
6. Failure to file an amended civil rights complaint as instructed will result in dismissal of this action without prejudice and without further notice.

**IT IS SO ORDERED** this 8th day of August 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE